UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*Via Electronic Filing*

| | |
|---|---|
| RICHARD D. DIANA; CHRISTINE V. DIANA<br><br>             Plaintiffs<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br>          Defendant | CIVIL ACTION<br><br>Docket No.:<br><br>*Via Electronic Filing*<br><br>**COMPLAINT and<br>JURY TRIAL DEMAND** |

Plaintiffs Richard D. Diana and Christine V. Diana, now come before this Court and complain of Defendant United States, as follows:

*JURISDICTION AND VENUE*

1.    The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1346(b) and 2671 et. seq.

2.    Venue is proper in this Court pursuant to 28 U.S.C.  1391(e)(1(C). and 28 U.S.C. § 1402(b).

3.    Plaintiff Richard D. Diana ("Richard"; "Plaintiff"), a natural person residing at 608 Fairlawn Parkway, Saddle Brook, Bergen County, NJ, within the Court's jurisdiction.

4.    Plaintiff Christine V. Diana ("Christine"; "Plaintiff"), a natural person residing at 608 Fairlawn Parkway, Saddle Brook, Bergen County, NJ, within the Court's jurisdiction.

5.    Plaintiffs Richard and Christine have been Husband and Wife since June 20, 1965,

residing with each other at the above address for all times relevant hereto.

6.    The Department of Veterans Affairs ("VA") is an agency of Defendant United States and has facilities within this Court's jurisdiction, notably its Lyons and East Orange, New Jersey Medical Centers ("VAMC").

7.    For all times relevant hereto, Richard Diana was entitled to medical care and treatment at Defendant's VAMC facilities.

8.    Pursuant to 28 U.S.C. § 2401(b), Plaintiffs timely presented their tort claims in writing to VA within two years after accrual of their claims.

9.    The within action is begun within six months after June 20, 2012, the date of mailing by certified mail of notice of final denial of the claim by the agency to which it was presented.

<u>FACTUAL BACKGROUND</u>

10.    For all times relevant hereto, Richard D. Diana was a patient of, and/or entitled to medical care and treatment at Defendant's VAMC facilities, specifically at its East Orange, NJ facility. (EOVAMC)

11.    Richard D. Diana is an honorably discharged Veteran who sought treatment at the VAMC for his right hip condition.

12.    On or about August 21, 2007, Richard was admitted to the EOVAMC for hip replacement surgery.

13.    While hospitalized at EOVAMC, Richard underwent total hip replacement surgery, a "metal-on-metal" cup device being implanted.

14.    On information and belief, the device implanted was a Zimmer metal-on-metal device.

15.    On information and belief, serious problems and difficulties with this device were

commonly known within the medical community prior to and at the time of its implantation into Richard.

16.     On information and belief, this device was voluntarily recalled by its manufacturer.

17.     On information and belief, this Zimmer device has been the subject of a mandatory recall by the Food and Drug Administration (FDA), an agency of the federal government charged with approval and oversight of medical devices.

18.     On information and belief, Richard did not give consent to implantation of this type of device.

19.     On information and belief, Richard was not apprized of the risks and/or possible negative outcome of implantation of this device.

20.     On information and belief, Richard's surgery took significantly longer than otherwise expected.

21.     During his surgery and for 2 days thereafter, Richard suffered significant blood loss and had to be transfused more than would be considered usual.

22.     Subsequent to the surgery, Richard lost significant amounts of blood, having a drain placed in his body.

23.     On or about August 27 and 28, 2007, Richard developed significant post-op anemia and was transfused.

24.     VA has confessed to failing to provide Richard with certain necessary medications which though ordered in his medical records, were not given.

25.     On information and belief, certain of Richard's medical records were falsified so as to mislead as to the length and events during his surgery.

26.     Subsequent to the VAMC surgery, Richard sought follow-up with the VAMC, complaining of pain, difficulty walking, sensation of movement of the device, unsteady gait, and his right leg now being shorter than his left.

27.     Despite this No action was suggested or taken to alleviate Richard's pain and medical concerns.

28.     At no time did VAMC offer to assist him with his medical difficulty, stating only that it would "take time" for the hip to heal.

29.     In desperation, Richard sought a medical opinion from a non-VAMC orthopedic surgeon.

30.     On or about 10/29/08, Richard underwent a right hip revision to remove and replace the metal-on-metal device.

31.     The pre-operative diagnosis was, "Right total hip loosening".

32.     As a result of the VAMC surgery, the surgeon had to cut Richard's femur to remove the hip device.

33.     Prior to implantation of the device by the EOVAMC, Richard engaged in full-time employment, supporting his Family.

34.     Prior to the surgery, Richard enjoyed an active lifestyle, enjoying usual familial pursuits, including caring for his disabled child.

35.     Prior to VAMC surgery, Richard actively engaged in normal Familial pursuits.

36.     Prior to VAMC surgery, Plaintiffs met their bills and expenses.

37.     Richard's employment required significant strenuous physical activity, requiring him to climb over work-sites.

38.     Subsequent to the VAMC surgery, Richard was unable to perform the duties of his

profession and was terminated from his employment.

39.     Richard continues to be unemployed due to severe pain, recurrent infections, and his inability to walk properly.

40.     As a result of the EOVAMC surgery, Richard was medically required to undergo subsequent surgeries to repair the damage resulting from that surgery.

41.     The subsequent surgeries medically required as a result of the VAMC surgery left Richard more vulnerable to infection at the incision site than otherwise would have been the case.

42.     As a result, he has suffered from serious infections at the incision site, requiring lengthy procedures, hospitalization, and pain.

43.     Richard has and continues to suffer significant pain.

44.     Richard can no longer partake in social events that he would have enjoyed prior to the surgery.

45.     Because of his lost employment, Richard has suffered the indignity of being unable to pay his bills, including medical bills which were directly the result of the botched VAMC surgery.

46.     On information and belief, Defendant never asked Richard to sign consent to the surgery.

47.     On information and belief, the risks and possible negative consequences were never properly explained to Richard by the surgeon prior to the VAMC surgery.

48.     The dangers and possible negative outcome of the specific device were not explained to Richard prior to surgery.

49.     Richard was not provided with a "Patient's Rights Handbook" until shortly prior to discharge from EOVAMC.

50.    It is Board Certified Orthopedic Surgeon Shah's considered medical opinion that Richard's complaints were directly the result of the VAMC's improperly implanted  hip joint.

51.    Christine personally observed that Richard's subsequent infections and surgeries, inability to support his family or walk normally caused him great suffering and emotional distress.

52.    Christine personally suffered extreme emotional distress, loss of consortium, and financial and emotional support of her Husband, Richard.

53.    Richard's condition has had an extremely adverse effect on all aspects of his and Christine's personal and family life.

54.    Despite the above, the VA rejected Plaintiffs' claim, stating there was no medical malpractice.

*COUNT I*
*Federal Tort* Claim

Plaintiffs repeat allegations 1 thru 54 inclusive as if stated in full herein.

VA's negligence, wrongful act(s) and/or omission(s) on the part of VA medical doctors and/or other employees acting within the scope of employment resulted in harm to both Richard Diana and his Wife, Christine Diana.

As a federal medical facility required to provide care to Military Veterans, Defendant owed its Patient, Richard Diana, a duty of medical care.  VA breached its duty to him and was medically negligent in not advising him of the risks prior to surgery, of implanting a defective and/or dangerous device, and failing to treat him subsequent to surgery. Its care fell below the reasonable medical treatment to which Richard was entitled.

VA's medical negligence, wrongful acts or acts of omission placed its treatment of Richard

Diana far below the standard of care owed to him as its patient, directly resulting in his pain,

suffering, and pecuniary loss.

VA's medical negligence, wrongful acts or acts of omission were far below the standard

of care owed to its patients, including Richard Diana, directly resulting in Christine Diana's loss

of consortium and extreme emotional stress.

**WHEREFORE,** Richard Diana and Christine Diana demand judgment of defendant
United States as follows:

a.  an award to Richard D. Diana of compensatory and actual damages in the
    amount of $40 million dollars or as shown by the facts found;
b.  an award to Christine Diana for loss of consortium of compensatory and actual
    damages in the amount of $40 million dollars or as shown by the facts found;
c.  an award of costs    and expenses;
d.  an award of reasonable attorney fees;
e.  all such other and further relief this Court deems just and proper.

*COUNT II*
*Spoliation*

The Plaintiffs repeat the allegations of paragraphs 1 thru 54 as if set forth herein at length.

VA has a duty to properly and accurately notate all medical records, and not falsify those

records. Defendant's failure to act with reasonable care by failing to properly notate Richard D.

Diana's vital medical records interfered with his treatment and pursuit of a federal tort claim. It

breached that duty to the Plaintiffs either by negligence or intent.

"Spoliation is the destruction or significant alteration of evidence, or the failure to

preserve property for another's use as evidence in pending or reasonably foreseeable litigation."

*In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 191 (S.D.N.Y. 2007) (quoting *West v. Goodyear Tire*

*& Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999); see also *United Med. Supply Co., Inc. v. U.S.,*

77 Fed.Cl. 257 (Fed. Cl. 2007); *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d

-7-

450, 457 (2d Cir. 2007). Duty to preserve evidence arises before a suit is filed where a party should know it may be relevant to future litigation. *Kronisch v. U.S.*, 150 F.3d 112, 126 - 27 (2d Cir. 1998) (citing *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72-3 (S.D.N.Y. 1991).

Defendant had an affirmative duty to accurately note medical records. It failed to do so.

**WHEREFORE,** Richard D. Diana and Christine V. Diana demand judgment of defendant United States as follows:

a.  an award to Richard D. Diana of compensatory and actual damages in the amount of $40 million dollars or as shown by the facts found;
b.  an award to Christine Diana for loss of consortium of compensatory and actual damages in the amount of $40 million dollars or as shown by the facts found;
c.  an award of costs and expenses;
d.  an award of reasonable attorney fees;
e.  imposition of a negative inference against Defendant regarding the lost medical records;
f.  all such other and further relief this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiffs demands a trial by jury as to all issues so triable.

Respectfully,

December 20, 2012                    /s/ AnnMarie D. Mulcahey Leikauf
                                     AnnMarie D. Mulcahey Leikauf, Esq.
                                     3 Frewert Lane
                                     Branchburg, NJ 08876
                                     Voice: (908) 218-0598

<u>CERTIFICATION</u>

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

-8-

/s/ AnnMarie D. Mulcahey Leikauf
AnnMarie D. Mulcahey Leikauf, Esq