**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

February 20, 2015

<u>VIA ECF</u>
AnnMarie Mulcahey Leikauf, Esq.
Counsel for Plaintiff

Michael E. Campion, Esq.
Counsel for Defendant

**LETTER OPINION & ORDER**

    Re:    <u>Diana v. United States</u>
            <u>Civil Action No. 12-7790</u>

Dear Counsel:

    Before the Court is the United States' motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2) [Dkt. No. 47]. The Court held oral argument on February 11, 2015, and granted the United States' motion. This Letter Opinion & Order supplements the Court's oral ruling.

**I.   Introduction**

    Richard D. Diana ("Plaintiff") alleges in this case that Department of Veterans Affairs (the "VA") doctors committed medical malpractice in connection with his hip replacement surgery performed on or about August 21, 2007. (<u>See</u> Dkt. No. 1, Compl., at ¶¶ 1-54). Plaintiff is a military veteran residing in Saddle Brook, New Jersey. (<u>Id.</u> at ¶¶ 3, 11). The VA is an agency of the United States that provides medical care to veterans, and Plaintiff sought treatment at the VA's East Orange, NJ, Medical Center (the "East Orange Facility") for his right hip condition. (<u>Id.</u> at ¶¶ 6, 11). On or about August 21, 2007, Plaintiff alleges that he underwent hip replacement surgery at the East Orange Facility, which resulted in the implantation of a "metal-on-metal" cup device manufactured by Zimmer. (<u>Id.</u> at ¶¶ 12-14). Plaintiff alleges on information and belief that it was common knowledge within the medical community that this particular hip implant

suffered from serious difficulties and, further, that the device used in Plaintiff's surgery was both voluntarily recalled and subjected to mandatory recall by the FDA. (Id. at ¶¶ 15-17). Plaintiff additionally claims that VA doctors did not sufficiently apprise him of the risks associated with the implant and that he did not consent to its implantation. (See id. at ¶¶ 18-19, 46-49).

Plaintiff further alleges that, immediately following the surgery, he suffered significant blood loss, experienced "pain, difficulty walking, sensation of movement of the device, unsteady gait," and had a right leg that was now shorter than his left. (Id. at ¶¶ 21-23, 26). Plaintiff claims that although the VA doctors assured him that he simply needed time to heal, he eventually was forced to undergo corrective surgery on or about August 29, 2008, to replace the implant as a result of "right total hip loosening." (Id. at ¶¶ 27-31). Plaintiff states that the complications arising from his right hip replacement have resulted in, *inter alia*, (1) termination from his employment; (2) multiple subsequent surgeries; (3) infections and continued pain; and (4) inability to pay medical bills and other expenses. (See id. at ¶¶ 33-45).

Prior to bringing suit, Plaintiff timely pursued his claims via the administrative process, and his claims were ultimately denied on June 20, 2012. (Id. at ¶¶ 8-9). Plaintiff then filed the instant Complaint on December 20, 2012. The United States ultimately answered the Complaint on December 10, 2013. (Dkt. No. 31, Answer). The instant motion was then filed on September 11, 2014. The United States asserts that the Complaint must be dismissed with prejudice in light of Plaintiff's failure to file an affidavit of merit as required by New Jersey law under N.J.S.A. § 2A:53A-26-29 in any case involving a claim of professional malpractice. Plaintiff argues in opposition that he was not required to file an affidavit of merit because, *inter alia*: (1) the United States had actual knowledge of the malpractice; (2) under the common knowledge doctrine, no affidavit was needed because the malpractice would be apparent to a layperson; and (3) extraordinary circumstances excuse the failure to file the affidavit. For the reasons that follow, this Court agrees with the United States, and this case must therefore be dismissed with prejudice.

## II. Discussion

### A. Standard of Review Under Rule 12(c)

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after pleadings have closed. Rule 12(h)(2)(B), in turn, allows a defendant to raise the defense of failure to state a claim on which relief can be granted "by a motion under Rule 12(c)." Accordingly, when a defendant moves for judgment on the pleadings on the basis of that defense, the motion "is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355

2

U.S. 41, 47 (1957)) (internal quotations omitted).  In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts contained in the complaint and draws all reasonable inferences in favor of the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  While this standard certainly places a considerable burden on the party seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.  Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### B. Analysis

In any case involving allegations of medical malpractice, the New Jersey Affidavit of Merit Statute requires the plaintiff to provide each defendant with an affidavit from a licensed physician stating "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited . . . fell outside acceptable professional or occupational standards or treatment practice." N.J.S.A. 2A:53A-27.  The plaintiff must file the affidavit within sixty days of the filing of the defendant's answer.  Id.  The court may, however, grant a single extension of up to sixty additional days upon a showing of good cause.  Id.  The affidavit of merit is a substantive requirement.  See Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 246-47 (1998).  Accordingly, the failure to provide an affidavit of merit within the 120-day timeframe generally "requires dismissal with prejudice because the absence of an affidavit of merit strikes at the heart of the cause of action."  Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 422 (2010); see also Vitale v. Carrier Clinic, Inc., 409 F. App'x 532, 534 (3d Cir. 2010).

In certain cases, however, a plaintiff may be able to avoid dismissal with prejudice.  First, a plaintiff may be excused from his or her failure to file the affidavit upon a showing that extraordinary circumstances prevented its filing.  Paragon, 202 N.J. at 422-23.  Importantly, the New Jersey Supreme Court has held that attorney inadvertence does not constitute an extraordinary circumstance.  Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 152 (2003).  Moreover, New Jersey Supreme Court case law demonstrates that a plaintiff claiming extraordinary circumstances faces an exceedingly high burden in proving such circumstances.  See, e.g., Tischler v. Watts, 177 N.J. 243, 244-47 (2003) (attorney's failure to identify deficiencies in doctor's affidavit of merit was excused in light of her ongoing radiation and chemotherapy treatment for terminal lung cancer).

In this case, Plaintiff fails to demonstrate that extraordinary circumstances prevented the filing of the affidavit of merit.  Plaintiff's argument on that ground consists of a single paragraph at the end of his brief that does not address any facts that would be relevant in the analysis.  Plaintiff merely recites various allegations contained in the Complaint and argues that the case itself represents an "extraordinary situation."  In other words, Plaintiff seems to argue that the self-perceived merit of his case presents an extraordinary situation that relieves him of the duty to file an affidavit of merit.  Plaintiff simply fails to identify any facts that would suggest the

existence of the kind of difficulty that the New Jersey Supreme Court has identified as an extraordinary circumstance. Therefore, the Court finds that there did not exist extraordinary circumstances that prevented the filing of an affidavit of merit.

Second, the need for an affidavit of merit may be obviated entirely upon a showing that jurors would possess sufficient common knowledge as laypeople such that they would be able "to determine a defendant's negligence without the benefit of the specialized knowledge of experts." Estate of Chin ex rel. Chin v. Saint Barnabas Med. Ctr., 160 N.J. 454, 469 (1999). This "common knowledge doctrine" may only be invoked in cases in which the defendant's carelessness "is readily apparent to anyone of average intelligence and ordinary experience." Rosenberg ex rel. Rosenberg v. Cahill, 99 N.J. 318, 325 (1985). In other words, the doctrine will only apply in cases where the defendant's negligence can be determined without any reliance whatsoever on expert testimony. See Chin, 160 N.J. at 470. The doctrine's application is therefore exceedingly narrow, and it should only be invoked "in exceptionally obvious cases." Small v. Lanigan, No. 11-2565, 2013 WL 5530010, at *2 (D.N.J. Oct. 4, 2013) (citing Hubbard v. Reed, 168 N.J. 387 (2001)).

The Court is also convinced that the alleged malpractice in this case is not so obvious that invocation of the common knowledge doctrine would be warranted. Plaintiff's medical malpractice claim rests on theories of lack of informed consent, negligent implantation of the hip device, and negligent treatment of the hip following surgery. As to lack of informed consent, the Third Circuit has held in no uncertain terms that an affidavit of merit is always required in order to maintain a medical malpractice action under such a theory. See Mulholland v. Thomas Jefferson Univ. Hosp., Inc., 491 F. App'x 300, 302 (3d Cir. 2012); Chamberlain v. Giampapa, 210 F.3d 154, 161-62 (3d Cir. 2000). With respect to Plaintiff's negligent implantation theory, the Court finds Plaintiff's argument for application of the common knowledge doctrine to be entirely without merit. Plaintiff simply offers the unsupported conclusion that "it is common knowledge among the public at large that 'metal-on-metal' hip replacements cause injuries." Even assuming, however, that metal-on-metal hip replacements were prone to causing injuries and that the public was aware of that fact, the common knowledge doctrine would still not apply. This is because Plaintiff has proffered no evidence demonstrating that the use of a metal-on-metal hip implant would be obviously negligent under any circumstances. Plaintiff would still be required to provide expert testimony tending to show that it would be malpractice for a doctor to use a metal-on-metal hip implant either under any circumstances or under the specific circumstances presented in Plaintiff's case. This same analysis applies to Plaintiff's theory of malpractice with respect to his post-surgery treatment. Accordingly, the Court rejects the application of the common knowledge doctrine in this case.

Third, this Court is equally unconvinced that an affidavit of merit is not required because a doctor at the VA allegedly made an admission of medical malpractice. Even if there were some statement by a VA doctor that could be construed as an admission of malpractice—and the United States vigorously disputes that there was—that admission would not obviate the need for an affidavit of merit. Plaintiff was still required to obtain the opinion of an independent doctor

4

stating that there existed a reasonable probability that medical malpractice had occurred. To hold otherwise would be to open the door to malpractice plaintiffs who could avoid their duty to provide an affidavit of merit simply by alleging in the complaint that the defendant doctor admitted to the malpractice. The Court cannot sanction such a result. Accordingly, Plaintiff's argument is rejected.

### III. Conclusion

For the reasons set forth above, and for the reasons set forth on the record during the February 11, 2015, hearing before the Court, the United States' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is hereby **GRANTED**. Plaintiff's case is therefore **DISMISSED WITH PREJUDICE**.

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**